**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDOURAHMANE KOUYATE,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-1047** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **KRISTI NOEM,** *Secretary of the U.S.* | : | |
| *Department of Homeland Security, et al.,* | : | |
| *Respondents.* | : | |
| | : | |

**ORDER**

**AND NOW**, this 24th day of February 2026, upon consideration of Petitioner Abdourahmane Kouyate's, ("Mr. Kouyate"), *emergency petition for writ of habeas corpus*, ("Petition"), (ECF 1), and Respondents'[1] (hereinafter, the "Government"), answer response in opposition, (ECF 4), it is hereby **ORDERED** that, for the reasons set forth in the footnote, Mr. Kouyate's *habeas corpus* petition is **GRANTED**, as follows:

1. Mr. Kouyate's mandatory detention under 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution[2];

---

[1]     Mr. Kouyate has named the following individuals as Respondents, in their official capacities, *to wit*: Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the U.S. Department of Homeland Security, ("DHS"); Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement, ("ICE"); Jamal L. Jamison, Warden of the Federal Detention Center in Philadelphia; Michael Rose, Director of the Philadelphia Field Office of ICE.

[2]     On December 7, 2023, Mr. Kouyate, a citizen of Guinea, attempted to enter into this country at the United States border in Lukeville, Arizona, and was apprehended by DHS. (ECF 1 at ¶ 2). Exercising its discretionary authority pursuant to 8 U.S.C. § 1226(a), on December 8, 2023, DHS released Mr. Kouyate into the country on conditional parole. (*Id.* at ¶ 3); (ECF 1-6). Prior to Mr. Kouyate's release, his spouse, a lawful permanent resident, had begun the process of obtaining lawful resident status for Mr. Kouyate by filing a Form I-130 Petition for Alien Relative on his behalf, which was received by the Government on March 16, 2022. (*Id.* at ¶ 5); (ECF 1-5).

Since his 2023 conditional parole, it appears that Mr. Kouyate has lived in Philadelphia, Pennsylvania, and has complied with all conditions of supervision. (ECF 1 at ¶ 7). On May 29, 2024, Mr. Kouyate filed an Application for Asylum and Withholding of Removal, which remains pending. (*Id.* at ¶ 6); (ECF 1-7). Mr. Kouyate's I-130 Petition was approved on March 3, 2025. (ECF 1-10). However, Mr. Kouyate avers that during a regularly scheduled check-in with ICE on February 18, 2026, he was issued a Warrant for Arrest of Alien and was detained, without being provided any lawful statutory basis authorizing as much and without a bond hearing. (ECF 1 at ¶¶ 8, 12). He remains detained at the Federal Detention Center, ("FDC"), in Philadelphia, Pennsylvania. The Government argues that his detention is pursuant to 8 U.S.C. § 1225(b)(2). (ECF 4 at p. 4); (ECF 4-3).

By way of the *habeas* Petition, Mr. Kouyate seeks immediate release from detention or, in the alternative, an individualized bond hearing within seven days. Mr. Kouyate argues that his detention violates the INA, the Administrative Procedure Act, ("APA"), and the Fifth Amendment Due Process Clause of the United States Constitution. This Court agrees.

Mr. Kouyate argues that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA because, as a noncitizen paroled into the United States, he is not subject to the mandatory detention provision. Rather, DHS' authority to detain him, if any, arises under § 1226(a). Thus, his detention without a bond hearing runs afoul of 8 U.S.C. § 1226(a). In its response, the Government argues its standard response — that because Mr. Kouyate is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2). This argument has been addressed and rejected by this Court on numerous occasions. Consistent with this Court's analysis of the aforementioned statutory provisions in *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23 2025), this Court finds that DHS is not authorized to detain him pursuant to 8 U.S.C. § 1225(b)(2). The Court further finds that DHS' present authority to detain Mr. Kouyate lies exclusively within 8 U.S.C. § 1226(a). As such, Mr. Kouyate is entitled to a bond hearing, and the Government's continued detention of him without one violates the INA. Because the Court finds Mr. Kouyate's detention violates the INA based on its interpretation of the pertinent statutory text, it need not reach Mr. Kouyate's APA argument.

Mr. Kouyate further argues that his detention violates procedural due process because it was imposed without notice, a hearing, and/or any individualized determination; and violates substantive due process because it was imposed without statutory authorization and individualized justification. As counter argument, the Government argues that Mr. Kouyate's detention is aligned with its profound interest to detain undocumented persons during removal proceedings which has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified). The Supreme Court has recognized presumptive limitations on the length of immigration detention in inapposite contexts. *See, e.g. Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention). Here, the Government's preferred justification for Mr. Kouyate's detention is unpersuasive. The record evidences Mr. Kouyate's years of compliance with immigration authorities and his continued efforts to secure lawful status in the United States. The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Mr. Kouyate's detention appears to bear no impact on the Government's ability to remove him. Accordingly, his detention violates substantive due process.

2. Because Mr. Kouyate is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the FDC, in Philadelphia, Pennsylvania[3];

3. The Government is further directed to return to Mr. Kouyate any and all funds, identification, or property which may have been seized from Mr. Kouyate at the time of his arrest; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on February 25, 2026.

The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

As to procedural due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Mr. Kouyate's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Mr. Kouyate's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Mr. Kouyate's continued compliance with immigration authorities requires his detention. Finally, considering the Government's interest, the Court finds that the function and burden—if any exist—on the Government to provide Mr. Kouyate with due process come nowhere near so weighty as to justify the current intrusion on his rights. On balance, the *Mathews* factors lead this Court to find that the Government's failure to afford Mr. Kouyate with any form of due process in effectuating his detention violates procedural due process.

[3] Mr. Kouyate argues that the proper remedy for the Government's violation of the Due Process Clause, the INA, and the APA is his release from custody. At a minimum, Mr. Kouyate argues he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). The Government presents no counterargument. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). For the reasons set forth, Petitioner today is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). Accordingly, the Court finds that law and justice requires his immediate release.

3